IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KYEEM KING | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-25-868 |
| DETECTIVE DENNIS WINDSOR, PRINCE GEORGE'S COUNTY GOV'T., STATE OF MARYLAND, | * | |
| | * | |
| Defendants | * | |

***

### MEMORANDUM

On March 14, 2025, the court received a pleading filed by self-represented Plaintiff Kyeem King entitled "Complaint/Habeas Corpus Relief" in which he purports to raise claims of false arrest and malicious prosecution in connection with his criminal case in the Circuit Court for Prince George's County, No. CT190799x. ECF No. 1. On March 28, 2025, Mr. King's Motion to Proceed *in forma pauperis* was received by the Clerk, resolution of which will be deferred until it is determined whether this case will proceed. ECF No. 4. For the reasons stated herein, Mr. King will be directed to clarify his claim and differentiate between relief available either in a civil rights or a habeas corpus action. The complaint as presently drafted is deficient and will be dismissed without prejudice.

A.   Complaint Allegations

Mr. King was convicted in the Circuit Court for Prince George's County of second degree murder and related counts and sentenced to 60 years in prison in Case CT 190799.[1] The case is currently on appeal before the Appellate Court of Maryland, ACM-REG-1386-2024. Briefs have

---

[1] Mr. King was convicted in another case, CT 191113x, which is the subject of another complaint he recently filed in this court, DKC 25-867. The sentence in this case was ordered to run consecutive to the earlier sentences.

not yet been filed. In addition, he has a pending review of sentence before a three judge panel in the Circuit Court.

Mr. King states that he was "arrested, indicted and prosecuted in Prince George[']s County in case number CT190799x which resulted in a guilty verdict." ECF No. 1 at 1. He claims that the State has "no eye witnesses, no DNA, no ballistic evidence, linking me to any crime, I was held for years in bondage during the Pandemic" even after the Maryland Supreme Court decided *Abruquah v. State*, 483 Md. 637, 296 A.3d 961 (2023), which Mr. King asserts held that unqualified toolmark identification evidence is inadmissible. *Id*. Mr. King complains that the Maryland Supreme Court "denied an evidentiary hearing and Motion to Dismiss out of spite and with malicious intent." *Id*. He further states that the criminal case against him was "filed due to ballistic evidence only to be inadmissible amounting to False Arrest." *Id*.

According to Mr. King, probable cause for his arrest and his five-year pre-trial detention was based solely on faulty ballistic evidence from a source in Washington D.C. involving a different case that did not involve him. *Id*. In his view, the fact that the State refused to grant him an evidentiary hearing after the Supreme Court ruling and several motions to dismiss were denied amounted to malicious prosecution, and violation of his Sixth Amendment rights. *Id*. As relief he seeks damages of 1.2 million dollars in compensatory damages for false arrest and malicious prosecution. *Id*. at 2.

B.    Civil Rights Claims

In order to state a claim under 42 U.S.C. § 1983 for false arrest, Plaintiff must show that his arrest was made without probable cause. *See Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974). Relief available in a civil rights action includes money damages but not release from custody. Probable cause exists if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the

petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *accord Santos v. Frederick Cty Bd. of Comm'rs*, 725 F.3d 451, 466 (4th Cir. 2013); *see also Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017).  A probable cause determination is governed by a totality of the circumstances test.  *See Illinois v. Gates*, 462 U.S. 213, 230-31 (1983); *Munday*, 848 F.3d at 253; *United States v. Garcia*, 848 F.2d 58, 59-60 (4th Cir. 1988).  Mr. King's conviction, which has not been overturned, establishes as a matter of Maryland law the existence of probable cause, regardless of whether the judgments are later reversed in subsequent proceedings.  *See Ghazzaoui v. Anne Arundel Cty.*, 659 F.App'x 731, 733-34 (4th Cir. 2016) (citing *Zablonsky v. Perkins*, 230 Md. 365, 367 (1963)); *Quecedo v. DeVries*, 22 Md. App. 58, 70  (1984).  Maryland recognizes an exception where "the conviction was obtained by fraud, perjury or other corrupt means." *Zablonsky*, 230 Md. at 368-69 (internal quotation marks omitted).

Here, Mr. King's challenge to the probable cause in his case is based on ballistics evidence that he asserts is unreliable and should not have been relied upon at trial.  His claim does not assert that his conviction was obtained by fraud, perjury, or other corrupt means; rather, it appears to be a challenge to the quality of the evidence used to convict him.  Thus, he has not stated a claim for false arrest.  Mr. King will be provided an opportunity to clarify the basis for his false arrest claim.  He is forewarned that conclusory allegations of fraud and perjury without supporting factual allegations will not suffice to support his claim and will result in dismissal of this claim without prejudice and without further warning.

He also fails to state a claim for malicious prosecution.  "[A] prima facie case of malicious prosecution must include (1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and (4) the defendant's malice." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000), citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts 874 (5th Ed.1984).  Importantly, a cause of action for malicious prosecution requires "termination of the prior criminal proceeding in favor of the accused." *See Heck v.*

3

*Humphrey*, 512 U. S. 477, 484 (1994). Thus, "a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Id*. at 489. As noted, Mr. King's conviction has not been overturned or reversed. *See State of Md. v. King*, Crim. Case No. CT190799X (Pr. George's Co. Cr. Ct. Aug. 6, 2019) available at http://casesearch.courts.state.md.us/casesearch/ (last visited April 1, 2025). Thus, in addition to his problem alleging lack of probable cause, Mr. King has not, and currently cannot, allege termination of the criminal proceeding in his favor.

C.   Petition for Habeas Corpus

Mr. King included the term "habeas corpus" in the title of his pleading, but does not directly challenge the validity of his conviction. As he has repeatedly been advised, his exclusive remedy for doing so is through a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which does not provide for monetary damages. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (state prisoner cannot challenge underlying conviction through 1983 complaint), *see also* 28 U.S.C. § 2254. Mr. King has repeatedly been advised of the proper form for, limitations on, and necessary contents of a petition for habeas corpus pursuant to 28 U.S.C. § 2254 in other cases previously filed in this court. *See, King v. State of Maryland*, JRR 25-2478, *King v. Prince George's County*, JRR 23-2923, *King v. State of Maryland*, JRR 24-3323.

D.   Conclusion

By separate order which follows, this case will be dismissed without prejudice to the filing of an amended complaint within 28 days.

April 22, 2025                                                          /s/
Date                                                                    DEBORAH K. CHASANOW
                                                                        United States District Judge